IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY TYRONE CLARK, JR., | : | |
|     Plaintiff, | : | |
| | : | |
|     V. | : | Case No. 2:21-cv-3674-JDW |
| | : | |
| CARLOS GONZALEZ, *et al.* | : | |
|     Defendants. | : | |

### MEMORANDUM

Shelby Tyrone Clark, Jr., a pretrial detainee at Lehigh County Jail, alleges that he has suffered various mistreatment at the hands of a fellow inmate, Carlos Gonzalez, and Correctional Officer Clinton Wombold. After screening the Complaint, the Court will dismiss some claims with prejudice, dismiss some without prejudice, and permit some claims to proceed.

**I.       FACTUAL ALLEGATIONS**

Mr. Clark alleges that Officer Wombold contaminated his food on two separate occasions in retaliation for a grievance that Mr. Clark filed against Officer Wombold: (a) once, Officer Wombold allegedly handed Mr. Clark a tray of food that contained semen in it; and (b) another time, Officer Wombold contaminated his food with feces, but an inmate warned Mr. Clark before he ate the food.

Mr. Clark also alleges that Mr. Gonzalez acted against him because Mr. Clark filed a report against Mr. Gonzalez pursuant to the Prison Rape Elimination Act. According to Mr. Clark, Mr. Gonzalez recruited inmates to harass Mr. Clark

verbally, and he says he cannot go anywhere in the prison without someone harassing him. He also alleges that Mr. Gonzalez placed semen in Mr. Clark's food and disclosed that fact to Mr. Clark after Mr. Clark ate the food.

Mr. Clark asserts claims for sexual harassment, sexual assault, failure to keep him safe, and retaliation. He asks for compensation and a release from prison.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Hyppolite is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Leave To Proceed *In Forma Pauperis*

Mr. Gonzalez has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. (ECF No. 1.) Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Mr. Clark will nonetheless have to pay the full filing fee in installments. *See* 28 U.S.C. § 1915(b).

#### B. Plausibility Of Claims In The Complaint

Mr. Clark filed his complaint on the Court's form for prisoners asserting civil rights claims, and he asserts claims against both Officer Wombold and Mr. Gonzalez. Because Mr. Clark is a pretrial detainee, the Court analyzes his claims under the Fourteenth Amendment's due process clause. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

"Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials

acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted). To allege a sufficiently culpable state of mind a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

### 1. Claims against Officer Wombold

Read liberally, Mr. Clark's Complaint appears to assert claims against Officer Wombold for a failure to keep Mr. Clark safe and for the contamination

#### a. Failure to keep inmate safe

Where a prison official is deliberately indifferent to a pervasive risk of harm to an inmate, the inmate may obtain relief under 42 U.S.C. § 1983. *See Young v. Quinlan*, 960 F.2d 351, 361 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000)). A "prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Id.* at 361. Noting that the phrase "should have known" is a term of art, the Third Circuit held that that the phrase "does not refer to a failure to note a risk that would be perceived with the use of ordinary prudence." *Id.* Instead, it "connotes something more than a negligent failure to appreciate the risk . . . , though something less than subjective appreciation of that risk." *Id.* The "strong likelihood of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Id.* There must not only be a great risk of injury, but it must also be so apparent "that a lay

custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Colburn*, 946 F.2d at 1025.

Mr. Clark's claim against Officer Wombold based on a failure to keep him safe, the claim is not plausible. Mr. Clark alleges that inmates subjected him to verbal harassment and retaliation for his PREA report. He does not allege any facts that would establish that Officer Wombold consciously disregarded this harassment, or even that Officer Wombold was aware of it. The Court will dismiss this claim. However, the Court cannot say that it is impossible for Mr. Clark to allege a plausible failure-to-protect claim, so the Court will dismiss the claim without prejudice.

### b. Contaminated food and retaliation

Mr. Clark has alleged a plausible claim based on Officer Wombold serving him tainted food. If Mr. Clark can prove his allegation, the deprivation would be sufficiently serious, and Mr. Clark alleges that the conduct was purposeful and therefore reckless. *See Farmer*, 511 U.S. at 839-40 (test for deliberate indifference is "subjective recklessness" as that concept is understood in criminal law). The related retaliation claim also passes statutory screening. In order to state a plausible First Amendment retaliation claim, a prisoner must allege that (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241

F.3d 330, 333 (3d Cir. 2001). Mr. Clark's allegation that Officer Wombold gave him tainted food because Mr. Clark had filed a grievance against Officer Wombold states all of these elements.

### 2. Claims against Mr. Gonzalez

To pursue a federal civil rights claim against Mr. Gonzalez, Mr. Clark must allege, and ultimately prove, that Mr. Gonzalez acted "under color of any statute, ordinance, regulation, custom, or usage, of any State …." 42 U.S.C. § 1983. Nothing in Mr. Clark's complaint suggests that Mr. Gonzalez, an inmate, acted under color of state law. The Court will therefore dismiss those claims with prejudice.

To the extent Mr. Clark asserts claims against Mr. Gonzalez arising under state law, he has not shown that the Court has jurisdiction over those claims. Nothing in the complaint establishes that Mr. Clark and Mr. Gonzalez are citizens of different states, or that the value of the claims exceeds the jurisdictional threshold. And, in the absence of a federal claim against Mr. Gonzalez, the Court will not exercise supplemental jurisdiction over claims against Mr. Gonzalez. *See* 28 U.S.C. § 1367.

## IV. CONCLUSION

The Court will dismiss the claims against Mr. Gonzalez and the failure-to-protect claim against Officer Wombold. The Court will permit the claims against Officer Wombold for serving tainted food and for retaliation to proceed. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**