IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY TYRONE CLARK, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-3674 |
| | : | |
| CARLOS GONZALEZ, *et al.* | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 10th day of September, 2021, upon consideration of Plaintiff Shelby Tyrone Clark, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915. Shelby Tyrone Clark, Jr., # 0205753, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Clark's inmate account; or (b) the average monthly balance in Clark's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Lehigh County Jail or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Clark's inmate trust fund account exceeds $10.00, the Warden of Lehigh County

Jail or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Clark's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

It is **FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to the Warden of Lehigh County Jail.

It is **FURTHER ORDERED** that the Complaint is deemed **FILED**.

It is **FURTHER ORDERED** that, for the reasons stated in the accompanying Memorandum, Mr. Clark's federal constitutional claims against Defendant Carlos Gonzalez are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and all state law claims against Defendant Carlos Gonzalez are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court shall terminate Carlos Gonzalez as a defendant.

It is **FURTHER ORDERED** that, for the reasons stated in the accompanying Memorandum, Mr. Clark's claim against Defendant Clinton Wombold based on a failure to protect theory is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court shall send Mr. Clark a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number. If Mr. Clark can allege additional facts to state a plausible claim based on a failure to protect theory, he may do so on or before October 15, 2021. Any amended complaint shall

identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Mr. Clark's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-3674. If Mr. Clark files an amended complaint, his amended complaint **must** be a complete document that includes all of the bases for Clark's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **The Court will not consider claims that are not in the amended complaint**. When drafting his amended complaint, Mr. Clark should be mindful of the Court's reasons for dismissing his failure to protect claim as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until the Court orders.. If Mr. Clark does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Clinton Wombold and **only** his claim based on retaliation and being served tainted food will proceed.

It is **FURTHER ORDERED** that the time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case, if summonses are issued.

                                            **BY THE COURT:**

                                            */s/ Joshua D. Wolson*
                                            **JOSHUA D. WOLSON, J.**