THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELBY TYRONE CLARK, JR.,    : | |
|     Plaintiff,    : | |
|                               : | |
|     v.    : | Case No. 5:21-cv-3674-JDW |
|                               : | |
| CLINTON WOMBOLD,    : | |
|     Defendant.    : | |

**<u>MEMORANDUM</u>**

In an Amended Complaint, Shelby Tyrone Clark, Jr., asserts federal and state claims about being served tainted food and about being denied medical care. As explained below, the Court concludes that Mr. Clark has stated plausible claims against Clinton Wombold in his individual capacity concerning the tainted food, but not about the denial of medical care.

**I.    BACKGROUND**

    **A.    Mr. Clark's Factual Allegations**

Mr. Clark alleges that a fellow prisoner, Carlos Gonzalez, tainted a tray of food with semen. Mr. Wombold then served the food to Mr. Clark. Mr. Clark and Mr. Gonzalez had a prior incident in which Mr. Gonzalez threw urine and fecal matter at Mr. Clark. Mr. Wombold knew or should have known about that incident because Mr. Clark had filed a complaint about it. Mr. Clark experiences "mental anguish from verbal sexual harassment from other inmates either directly or subliminally" as a result of the incident. (ECF No. 7 at § IV, Part D.) As a result of the incident, Mr. Clark had to move housing units. After he moved, Mr. Wombold

tried to serve Mr. Clark another tray of tainted food, but another inmate warned Mr. Clark, so he did not eat the tainted food. He checks his food every time he is handed a tray "due to fears it may be tainted again." (*Id.*)

Separately, Mr. Clark asserts he is suffering symptoms that he believes may be HIV or COVID-19 symptoms. Mr. Clark alleges that he requested an HIV test in May or June 2021. Although someone told him that he was tested at intake, he claims that no test ever took place. Some unnamed person told Mr. Clark that he had to wait for his annual physical to get results of the test. He has also requested mental health services, but will only accept such services from a Black specialist "due to racial tensions" and, for this reason, has not spoken with a mental health services provider. (*Id.*) He has also contacted the Pennsylvania Human Relations Commission to ask that his treatment at LCJ be investigated. He believes that jail staff "subliminally harass me within this month and [he] filed a grievance which was rejected due to me not informally grieving the issue when I did." (*Id.*) Mr. Clark asserts he did not pursue an informal resolution because "it involving my [Prison Rape Elimination Act] case and it being on a need to know basis, even prior to this incident." (*Id.*)

B.   **Procedural History**

Mr. Clark filed this case on August 16, 2021. In a Memorandum and Order dated September 10, 2021, the Court dismissed the Complaint in part. *See Clark v. Gonzalez*, Civ. A. No. 21-3674, 2021 WL 4132298 (E.D. Pa. Sept. 10, 2021) ("the September Memorandum"). The Court permitted Mr. Clark to pursue claims

2

against Mr. Wombold for serving tainted food. The Court also gave Mr. Clark leave to file an amended complaint to attempt to state a plausible failure to protect claim. Mr. Clark filed his Amended Complaint on September 28, 2021. The Amended Complaint names Mr. Wombold as the only defendant, in both his official and individual capacities. . Clark has returned with an Amended Complaint (ECF No. 7 (the "AC")). The only named Defendant is Wombold. He asserts constitutional claims against Mr. Wombold for serving him tainted food, failing to protect him, and "discriminatory intent or purpose," and state law claims for mental anguish, negligent infliction of emotional distress, and intentional infliction of emotional distress. He seeks money damages of $750,000, as well as various types of non-monetary relief.

## II.   STANDARD OF REVIEW

Because the Court has granted Mr. Clark leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). S*ee Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice.

*See id.* As Mr. Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Failure to Protect Claim

The Court has held that Mr. Clark's allegations about serving tainted food assert a plausible claim against Wombold. *September Memorandum*, 2021 WL 4132298, at *1, 2 (citing *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994)). Nothing has happened to change that analysis.

Mr. Clark that Mr. Wombold acted with "discriminatory intent or purpose." (ECF No. 7 at § VI.) He offers no factual details to support that claim, which the Court understands to allege an equal protection violation. His conclusory allegation does not state a plausible claim. *See Iqbal*, 556 U.S. at 678. Mr. Clark included this same allegation in other cases he has filed in this Court. *See Clark v. Lt. Albert*, Civ. A. No. 21-4096, ECF No. 2 at 4; *Clark v. Kremus*, Civ. A. No. 21-4049, ECF No. 2 at 4. Having already permitted Clark an opportunity to amend his pleading in this case, and because it appears that he included this language in his claims in a boilerplate fashion, further amendment to allege an equal protection claim would be futile. Accordingly, to the extent Clark sought to raise an equal protection violation, the Court dismisses the claim with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

Finally, Mr. Clark has indicated an intent to pursue claims against Mr. Wombold in his individual and official capacities. Official capacity claims against

4

county employees such as Mr. Wombold are the same as claims against the governmental entity that employs the employee. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Mr. Clark makes no such allegations against Lehigh County (which employs Mr. Wombold). The Court will therefore dismiss the official capacity claim against Mr. Wombold.

### B.     Deliberate Indifference To Medical Needs Claims

The Court understands Mr. Clark to be asserting a new claim based on deliberate indifference to a serious medical need based on the denial of an HIV test and denial of medical claims. The only defendant that the Amended Complaint names is Mr. Wombold, but Mr. Clark does not allege that Mr. Wombold had any role in denying him mental health services, had any role in determining whether an inmate receives medical testing on intake, had any role in advising an inmate about the results of such testing, or had any role in Mr. Clark's attempt to get treatment for the physical or mental health symptoms he describes. Because "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable, *see Rode*, 845 F.2d at 1207, and

5

Clark fails to allege that Wombold had any personal involvement in these events, any claim based on deliberate indifference to a serious medical need against Wombold will be dismissed.

### C. State Law Claims

In Pennsylvania, to allege a plausible claim for negligent infliction of emotional distress, a plaintiff must assert one of four elements:  (1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative.  *See Brown v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130 (Pa. Super. Ct. 1996).  The elements of intentional infliction of emotional distress are plausibly alleged where:  (1) a person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another.  *See Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010).

The Court construes Mr. Clark's reference to "mental anguish" to be part of these claims.  The allegations that Mr. Wombold caused Mr. Clark to suffer mental distress by giving him tainted food states a plausible claim for negligent infliction of emotional distress because it plausibly asserts that Mr. Clark was in a zone of danger and at risk of immediate physical injury.  The allegation constitutes a plausible claim for intentional infliction of emotional distress because it asserts extreme and outrageous conduct that intentional or reckless caused Mr. Clark

6

...

emotional distress.  Accordingly, the Court will permit Mr. Clark to pursue these claims.

## IV. CONCLUSION

For the reasons stated, Mr. Clark may pursue the constitutional and related state law claims against Mr. Wombold based on serving Mr. Clark tainted food. The Court will dismiss the claims against Mr. Wombold in his official capacity and for denial of medical care without prejudice. It will dismiss the equal protection claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 20, 2021