# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHELBY TYRONE CLARK, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:21-cv-3674-JDW** |
| | : | |
| **CLINTON WOMBOLD** | : | |
| **Defendant.** | : | |

## MEMORANDUM

The Court must decide, without the benefit of an opposition, whether Plaintiff Shelby Tyrone Clark, a detainee at Lehigh County Jail ("LCJ"), has enough evidence to proceed to trial against Defendant Clinton Wombold, a Correctional Officer at that facility. He doesn't, so the Court will grant summary judgment.

## I.    BACKGROUND

Mr. Clark claims that in April of 2021, Officer Wombold twice served him a tray of "tainted" food in retaliation for grievances that Mr. Clark filed against Officer Wombold. Mr. Clark alleges that, on the first occasion, Officer Wombold served Mr. Clark a tray of food contaminated with semen and that, on the second occasion, Officer Wombold served Mr. Clark a tray of food contaminated with feces. On the second occasion, Mr. Clark claims that another inmate warned him of the alleged contamination prior to eating the contaminated food.

Mr. Clark filed a Complaint on August 16, 2021, alleging various constitutional and state law claims and naming Officer Wombold as a Defendant. In a Memorandum and Order dated September 10, 2021, the Court dismissed the Complaint in part. *See Clark v. Gonzalez*, Civ. A. No. 21-3674, 2021 WL 4132298 (E.D. Pa. Sept. 10, 2021). However, the Court permitted Mr. Clark to pursue claims against Mr. Wombold for serving tainted food and gave Mr. Clark leave to file an amended complaint to put forward a plausible failure to protect claim. Mr. Clark filed his Amended Complaint on September 28, 2021. The Amended Complaint asserts constitutional claims and names Mr. Wombold as the sole defendant. On October 20, 2021, the Court dismissed the Amended Complaint in part but held that Mr. Clark could pursue his constitutional and related state law claims against Mr. Wombold for serving him tainted food. That same day, Mr. Clark filed an internal grievance related to the incident for the first time. Discovery in this case closed on June 24, 2022, and Officer Wombold filed this Motion for Summary Judgment on July 12, 2022. Mr. Clark has not filed an opposition, and the motion is ripe.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville Hosp. Corp.*, No. 18-3065, --- Fed. App'x ----, 2019 WL 2338461, at *2 n.6 (3d Cir. June 3, 2019) (quotation omitted).

"If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). Thus, a moving party is not entitled to summary judgment as a matter of right just because the adverse party does not respond. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (quotation omitted). Instead, the court

must conduct a full analysis to determine "whether the moving party has shown itself to be entitled to judgment as a matter of law." *Id.*

## III.    DISCUSSION

### A.    Federal Law Claims

#### 1.    Exhaustion

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all administrative remedies prior to seeking a judicial remedy. *See* 18 U.S.C. § 1997e(a). Exhaustion under the PLRA requires "a prisoner [to] complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal Court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). *See also Downey v. Pa. Dep't of Corrections*, 968 F.3d 299, 304-05 (3d Cir. 2020). The relevant procedural rules are those of the facility in which the inmate is detained. *Downey*, 968 F.3d at 305 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The undisputed facts show that Mr. Clark did not comply with the LCJ's grievance procedures. LCJ Policy 3.1.5.J.B.8. advises all inmates that they must exhaust administrative remedies contained in the Policy prior to seeking judicial remedies, and LCJ Policy 3.1.5.J.D.5. states that an inmate must submit a formal grievance form such that "the Grievance Coordinator receives the form no later than 21 calendar days from the event that triggered the grievance." (ECF No. 80-3 at 12-13.) Mr. Clark filed his first grievance related to the tainted food on October 20, 2022, approximately six months after he alleged

the incident occurred and one month after he filed his Amended Complaint. That was too late. Because Mr. Clark did not exhaust his administrative remedies, the PLRA bars his constitutional claims

### 2.    Disputed issue of fact

Even if Mr. Clark had exhausted his claims, he could not survive summary judgment. A party opposition summary judgment cannot just rest on his pleadings; he must offer admissible evidence to create a disputed issue of fact for trial. *See Doe*, 480 F.3d at 256. Officer Wombold argues that nothing in the discovery record establishes that Officer Wombold served Mr. Clark tainted food. The Court takes that assertion as true because Mr. Clark has not rebutted it. Because it's true, Mr. Clark cannot prevail on his claim.

### B.    State Law Claims

The Political Subdivision Tort Claims Act ("PSTCA") shields local government agencies and employees from liability in tort, subject to several exceptions. *See* 42 Pa.C.S. §§ 8541-8545. Under the Act, a locally agency or employee may be liable for injuries if (1) the damages would be recoverable at common law or under a statute creating a cause of action for that injury; (2) the injury was caused by the local agency or employee acting negligently within the scope of their duties; and (3) the act causing injury falls into one of nine enumerated categories, such as sexual abuse. 42 Pa.C.S. § 8542(a)-(b). Additionally, the PSTCA does not bar claims for injuries caused by actions that "constitute[] a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. § 8550.

In a Memorandum and Order dated October 20, 2021, the Court construed references to "mental anguish" in Mr. Clark's Amended Complaint as state law claims for both intentional and negligent infliction of emotional distress. A cause of action exists for both intentional and negligent infliction of emotional distress in Pennsylvania. *See Brown v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130 (Pa. Super. Ct. 1996). However, neither is one of the enumerated exceptions to the PSTCA. *See* 42 Pa.C.S. § 8542(b). Even if Mr. Clark were to argue (which he has not) that the exception for sexual abuse might apply to his claims, the statute limits that exception to "[c]onduct which constitutes an offense enumerated under section 5551(7)". 42 Pa.C.S. § 8542(b)(9). Serving food that contains semen does not fall within an offense under that statute. *See* 42 Pa.C.S. § 5551(7). Finally, aside from the allegations put forward in the Amended Complaint, Mr. Clark has provided no evidence that Officer Wombold negligently, willfully or maliciously served him tainted food.

## IV.   CONCLUSION

Mr. Clark's failure to respond to the motion for summary judgment leaves the Court to take Officer Wombold's statement of undisputed material facts as true. Those facts establish that the PLRA and PSTCA bar Mr. Clark's claims and that Mr. Clark cannot establish the factual basis for his claims. The Court will therefore grant the Motion for Summary Judgment. An appropriate order follows.

**BY THE COURT:**


*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

Date: September 13, 2022