IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELBY TYRONE CLARK, JR., | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Case No. 5:21-cv-3674-JDW |
| | : | |
| CLINTON WOMBOLD | : | |
|     Defendant. | : | |

**MEMORANDUM**

I must decide whether Plaintiff Shelby Tyrone Clark, a detainee at Lehigh County Jail ("LCJ"), has enough evidence to proceed to trial against Defendant Clinton Wombold, a Correctional Officer at that facility. He doesn't, so I will grant summary judgment.

**I.    BACKGROUND**

**A.    Factual Background**

Mr. Clark claims that in April 2021, Officer Wombold twice served him a tray of tainted food in retaliation for grievances that Mr. Clark filed against Officer Wombold. Mr. Clark alleges that, on the first occasion, Officer Wombold served him a tray of food contaminated with semen and that, on the second occasion, Officer Wombold served him a tray of food contaminated with feces. On the second occasion, in July of 2021, Mr. Clark claims that another inmate warned him of the alleged contamination before he ate the contaminated food.

On April 18, 2021, shortly after the first incident, Mr. Clark filed a request slip to the case manager for Unit 302 complaining of the harassment and indicating that he wished to file a case against the inmate who contaminated his food under the Prison Rape Elimination Act ("PREA"). He received no response and was not instructed on how to file a formal grievance in the matter. Mr. Clark also sent a letter to the chief detective in the District Attorney's office regarding the same incident.

**B.    Procedural Background**

Mr. Clark filed a Complaint on August 16, 2021, alleging various constitutional and state law claims and naming Officer Wombold as a Defendant. In a Memorandum and Order dated September 10, 2021, I dismissed the Complaint in part. *See Clark v. Gonzalez*, Civ. A. No. 21-3674, 2021 WL 4132298 (E.D. Pa. Sept. 10, 2021). However, I permitted Mr. Clark to pursue claims against Mr. Wombold for serving tainted food and gave Mr. Clark leave to file an amended complaint to put forward a plausible failure to protect claim. Mr. Clark filed his Amended Complaint on September 28, 2021. The Amended Complaint asserts constitutional claims and names Mr. Wombold as the sole defendant. On October 20, 2021, I dismissed the Amended Complaint in part but held that Mr. Clark could pursue his constitutional and related state law claims against Mr. Wombold for serving him tainted food. That same day, Mr. Clark filed an internal grievance related to the incident for the first time. Discovery in this case closed on June 24, 2022, and Officer Wombold filed this Motion for Summary Judgment on July 12, 2022.

Initially, Mr. Clark did not file an opposition, and I granted summary judgment on September 13, 2022. Mr. Clark filed a motion to reopen the record on September 26, 2022, attaching several documents he said were mailed to defense counsel on September 16, 2022. In that motion, Mr. Clark claimed he never received Officer Wombold's summary judgment motion, nor any notice from me regarding his nonresponse. On September 29, 2022, I ordered Officer Wombold to provide me with information showing Mr. Clark had received service of his summary judgment motion.

Officer Wombold responded to my order on October 4, 2022. On October 12, 2022, I vacated the Order Granting Summary Judgment after finding that Defendant mailed filings to Mr. Clark using an incorrect prisoner identification number. Meanwhile, on October 6, 2022, Mr. Clark mailed a notice of appeal, but that notice did not arrive at the Court until after I reopened the record. Mr. Clark filed an Opposition to Defendant's Motion for Summary Judgment on October 24, 2022. He also filed a Motion to strike an Affidavit that Officer Wombold submitted in support of his summary judgment papers.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville Hosp. Corp.*, No. 18-3065, --- Fed. App'x ----, 2019 WL 2338461, at *2 n.6 (3d Cir. June 3, 2019) (quotation omitted).

"If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). Thus, a moving party is not entitled to summary judgment as a matter of right just because the adverse party does not respond. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (quotation omitted). Instead, the court

must conduct a full analysis to determine "whether the moving party has shown itself to be entitled to judgment as a matter of law." *Id.*

## III. DISCUSSION

### A. Jurisdiction

Normally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Grivvs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curium*). But the "notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the district court performed during the interval between the filing of the notice and the dismissal of the appeal." *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980); *see also Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).

Mr. Clark's notice of appeal falls into this latter category. Although Mr. Clark mailed his notice of appeal before I reopened the record, the Court did not receive it until after I had vacated my summary judgment order and reopened the record. At that point, there was no final order for Mr. Clark to appeal. In addition, Mr. Clark's notice of appeal references an appeal both from the original summary judgment order and from my ruling on Mr. Clark's Motion to reopen the record. I hadn't ruled on the latter motion when Mr. Clark appealed, and my later ruling was not a final, appealable order. Taken as a whole, I conclude from the record that I still have jurisdiction to resolve this case, notwithstanding Mr. Clark's notice of appeal.

5

**B.     Motion To Strike**

Mr. Clark asks to strike an Affidavit of Warden Kyle Russel on the grounds that it is "conclusory." But the Affidavit reports facts about which Warden Russell has personal knowledge. There's no reason for me to strike the Affidavit just because Mr. Clark disagrees with it.

**C.     Merits**

   **1.     Federal law claims**

      **a.     Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all administrative remedies prior to seeking a judicial remedy. *See* 18 U.S.C. § 1997e(a). Exhaustion under the PLRA requires "a prisoner [to] complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal Court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). *See also Downey v. Pa. Dep't of Corrections*, 968 F.3d 299, 304-05 (3d Cir. 2020). The relevant procedural rules are those of the facility in which the inmate is detained. *See Downey*, 968 F.3d at 305 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). "The PRLA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (quoting 42 U.S.C. § 1997e(a)).

The undisputed facts show that Mr. Clark complied with LCJ's grievance procedures. LCJ Policy 3.1.5.J.B.8. advises all inmates that they must exhaust administrative remedies contained in the Policy prior to seeking judicial remedies, and LCJ Policy 3.1.5.J.D.5. states that an inmate must submit a formal grievance form such that "the Grievance Coordinator receives the form no later than 21 calendar days from the event that triggered the grievance." (ECF No. 80-3 at 12-13.) Submitting a request slip to a case manager or filing a written complaint with a staff member within the LCJ facility are proper ways of reporting. (ECF No. 96 at 3-4).

Mr. Clark filed his first grievance related to the tainted food on April 18, 2021, within 21 days of the initial April 2021 incident. (ECF No. 86 at 14). By November 9, 2021, Lieutenant John Donate, PREA Compliance Manager, had informed him that DOC had investigated and determined his claim to be unrelated to PREA. *Id.* at 15. Because Mr. Clark complied timely with the grievance policy and exhausted the remedies available to him, his constitutional claims are not barred.

### b.   Lack of factual dispute

Officer Wombold argues that nothing in the discovery record establishes that Officer Wombold served Mr. Clark tainted food. I agree. Officer Wombold says that he didn't know about any tainted food, and I cannot find any evidence that shows, or even infers, anything to the contrary. The closest evidence on this point is an unsworn affidavit that Mr. Clark submitted. *See* ECF No. 97.) Assuming that Affidavit is admissible (it does

7

not say that it is signed under penalty of perjury), it says only that another inmate told Mr. Clark that he put semen in Mr. Clark's food and that Officer Wombold served the tray to Mr. Clark.. (*See id.* at ¶¶ 4-5.) That assertion isn't enough to save Mr. Clark's claims, for three reasons. First, it's hearsay because it reports on what another prisoner told Mr. Clark. Second, it doesn't establish that the inmate did anything; only that the inmate claimed to have done something. Third, it doesn't establish that Officer Wombold knew anything about what the inmate did (if he did it). The Affidavit therefore doesn't save Mr. Clark.

There's no other evidence in the record to support Mr. Clark's claim. After Mr. Clark complained about Officer Wombold, Lieutenant Donate interviewed Officer Wombold, who acknowledged that he sometimes passed trays from prisoner to prisoner and told Lieutenant Donate that he would not do it again to avoid similar accusations. But that only shows that Officer Wombold agreed to change his practices to avoid future lawsuits, not that he did what M. Clark claims. In addition, Lieutenant told Mr. Clark that the PREA did not apply to his claims.

Because there's no dispute in the record about whether Officer Wambold served Mr. Clark tainted evidence, there's nothing to try. Mr. Clark cannot prevail on his federal claim, so I will grant summary judgment.

### 2. State law claims

The Political Subdivision Tort Claims Act ("PSTCA") shields local government agencies and employees from liability in tort, subject to several exceptions. *See* 42 Pa.C.S.

§§ 8541-8545. Under the Act, a locally agency or employee may be liable for injuries if (a) the damages would be recoverable at common law or under a statute creating a cause of action for that injury; (b) the injury was caused by the local agency or employee acting negligently within the scope of their duties; and (c) the act causing injury falls into one of nine enumerated categories, such as sexual abuse. 42 Pa.C.S. § 8542(a)-(b). Additionally, the PSTCA does not bar claims for injuries caused by actions that "constitute[] a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. § 8550.

In a Memorandum and Order dated October 20, 2021, I construed references to "mental anguish" in Mr. Clark's Amended Complaint as state law claims for both intentional and negligent infliction of emotional distress. A cause of action exists for both intentional and negligent infliction of emotional distress in Pennsylvania. *See Brown v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130 (Pa. Super. Ct. 1996). However, neither is one of the enumerated exceptions to the PSTCA. *See* 42 Pa.C.S. § 8542(b).

Mr. Clark argues that the exception for sexual abuse applies to his claims. The statute limits that exception to "[c]onduct which constitutes an offense enumerated under section 5551(7)." 42 Pa.C.S. § 8542(b)(9). Enumerated offenses under the statute include the Commission of Indecent Assault and Institutional Sexual Assault, but serving food that contains semen does not fall within an offense under either statute. *See* 42 Pa.C.S. § 5551(7). Those statutes require "indecent contact," and Mr. Clark has not demonstrated

9

how any of Officer Wombold's alleged conduct in providing Mr. Clark with a tray of tainted food falls under any definition of "contact." Finally, aside from the allegations put forward in the Amended Complaint, Mr. Clark has provided no evidence that Officer Wombold negligently, willfully, or maliciously served him tainted food. The PSTCA therefore bars any state law claims.

## IV.     CONCLUSION

Mr. Clark has not offered facts to establish Officer Wombold's misconduct. He cannot prevail on his federal or state law claims, so I will grant summary judgment on all remaining claims in this case. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 25, 2023